UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN RAMON RANGEL,<br><br>   Plaintiff,<br><br>  v.<br><br>SYNCHRONY BANK,<br><br>   Defendant. | Case No. 17-CV-00177-LHK<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR MORE DEFINITE STATEMENT**<br><br>Re: Dkt. No. 9 |

  Plaintiff Juan Ramon Rangel ("Plaintiff"), proceeding pro se, sues Defendant Synchrony Bank ("Defendant") for false credit reporting. Before the Court is Defendant's unopposed motion for a more definite statement. ECF No. 9. The Court finds this matter suitable for resolution without oral argument and hereby VACATES the motion hearing set for April 27, 2017, at 1:30 p.m. Having considered the submissions of the parties, the relevant case law, and the record in this case, the Court hereby GRANTS Defendant's motion for more definite statement.

**I. BACKGROUND**

  Plaintiff sued Defendant on November 17, 2016 in Santa Clara County Superior Court. ECF No. 1-1 ("Compl."). Plaintiff used a form complaint, and alleged that Defendant owes Plaintiff $1,500 for "false credit reporting on care credit account [] and removal of same" on April

1

1  14. *Id.* at 5. In response to the question "How did you calculate the money owed to you?"

2  Plaintiff answered: "Damages per section 618–623 per FCRA." *Id.* The Complaint contained no

3  further facts regarding the alleged misconduct.

4       Defendant removed the Complaint to this Court on January 12, 2017. *See* ECF No. 1.

5 Defendant asserted that federal question jurisdiction existed because Plaintiff's Complaint stated

6 that Plaintiff calculated damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §

7 1681. *See id.*

8       On January 19, 2017, Defendant filed a motion for more definite statement. ECF No. 9.

9 Specifically, Defendant asserted that "the Complaint contains no factual allegations in support" of

10 Plaintiff's vague assertion that Defendant engaged in "false credit reporting," and thus Defendant

11 could not prepare a response. *Id.* at 3.

12       Plaintiff did not file an opposition to Defendant's motion. On February 9, 2017, Defendant

13 filed a "reply," which noted that its motion was unopposed. ECF No. 14.

## II. DISCUSSION

15       Defendant moves under Federal Rule of Civil Procedure Rule 12(e) for a more definite

16 statement. Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to

17 which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

18 reasonably prepare a response." Rule 12(e) motions should be granted only on those "rare

19 occasions" when a complaint is so vague or so ambiguous that a party has insufficient information

20 to prepare its response. *See Bautista v. Los Angeles Cty.*, 216 F.3d 837, 843 n.1 (9th Cir. 2000).

21       Even construing Plaintiff's Complaint liberally, the Court agrees with Defendant that

22 Plaintiff's Complaint is "too vague to give notice to [Defendant] of the claims being asserted"

23 against it such that Defendant can reasonably prepare a response. *Demartini v. Demartini*, 2016

24 WL 1461812, at *6 (E.D. Cal. Apr. 14, 2016). Plaintiff's Complaint alleges only that Defendant

25 owes Plaintiff $1,500 for "false credit reporting on care credit account [] and removal of same" on

26 April 14. ECF No. 1-1, at 5. It is unclear what Plaintiff means by "false credit reporting" or

27 "removal of same," and Plaintiff does not provide the year that this allegedly occurred. *Id.*

28

Moreover, although Plaintiff states that Plaintiff calculated the $1,500 sum under the FCRA, it is unclear from Plaintiff's Complaint what provision of the FCRA Defendant allegedly violated, or whether Plaintiff intends to assert only a FCRA claim.

In sum, Plaintiff's vague "single sentence" allegation is "not remotely enough to be considered an adequately stated claim in federal court." *Zhejiang Wafa Ecosys. Sci. & Tech. Co., Ltd. v. Trellis Earth Prods., Inc.*, 2015 WL 9459921, at *1 (D. Ore. Dec. 21, 2015) (granting motion for more definite statement where the complaint "only provide[d] a single sentence" that was vague). Further, although motions for more definite statements should be granted on only "rare occasions," *Bautista*, 216 F.3d at 843 n.1, Plaintiff has failed to oppose Defendant's motion, and thus Plaintiff has in effect conceded that his Complaint is deficient.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's unopposed motion for more definite statement. Plaintiff shall file within twenty-one (21) days of the date of this Order an amended complaint that contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Failure to comply with this 21 day deadline, or failure to correct the deficiencies discussed above, will result in the Court dismissing Plaintiff's complaint. *See* Fed. R. Civ. P. 12(e) (stating that if a Court orders a more definite statement and the order is not obeyed "the court may strike the pleading or issue any other appropriate order").

**IT IS SO ORDERED.**

Dated: April 24, 2017

_____
LUCY H. KOH
United States District Judge

3
Case No. 17-CV-00177-LHK
ORDER GRANTING UNOPPOSED MOTION FOR MORE DEFINITE STATEMENT